* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms in part and vacates in part, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 * * * * * * * * * * *
The full Commission finds as fact and concludes as matters of law the following which the parties agreed upon and submitted as stipulations in the Pre-Trial Agreement: *Page 2 
 STIPULATIONS
1. The parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and the subject matter of this claim.
2. The parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of parties.
3. The parties are bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
4. At all relevant times hereto, an employment relationship existed between the named Employee and named Employer.
5. The employer is self-insured and Key Risk Management Services, Inc. is their third-party administrator.
6. The date of the alleged injury is November 24, 2003.
7. The weekly compensation rate is subject to wage verification and a correct Form 22.
 * * * * * * * * * * *
The following documentary evidence was received as:
 EXHIBITS STIP #1: Medical Records
 STIP #2: Industrial Commission Forms
 Depositions: Dr. Carla R. Pence, Dr. David DuPuy
 * * * * * * * * * * * *Page 3 ISSUES
The parties listed in the Pre-Trial Agreement as the stipulated issues for determination at the Deputy Commissioner level the following:
 a. Attendant care for the Plaintiff;
 b. Rehabilitative reconstruction of Plaintiff's existing housing;
 c. Wheelchair for Plaintiff
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 60 years old. Plaintiff has worked in different capacities since 1979 at the Catawba Valley Community College, which is part of the North Carolina Department of Community Colleges. On November 24, 2003, Plaintiff was employed at Catawba Valley Community College when he lost his balance and fell while attempting to get some equipment for a student.
2. Plaintiff was transported from Catawba Valley Community College to a hospital in Statesville, North Carolina, where he was hospitalized for three days.
3. Defendant-Employer filed a Form 60 admitting the compensability of Plaintiff's November 24, 2003 injury by accident.
4. Before his November 24, 2003 injury, Plaintiff had problems with his back for which he received medical attention. Plaintiff did not lose significant time from work because of his pre-existing back problems.
5. Plaintiff returned to part-time employment working half-days starting December 3, 2003 and returned to full time work on January 2, 2004. Dr. Pence subsequently took Plaintiff *Page 4 
out of work and Defendant filed a Form 62 reinstatement of temporary total disability compensation beginning January 24, 2004.
6. Plaintiff contends he is entitled to attendant care, rehabilitative reconstruction of his existing home and a wheelchair. Plaintiff testified that since the November 24, 2003 injury by accident he has had difficulty walking and that he asked his family physician, Dr. Carla Pence, for a wheelchair. Key Risk Management Services, Inc., the Employer's third-party administrator, denied his request for the wheelchair and Plaintiff obtained the wheelchair through the State Health Plan with payment of his deductible and co-payment. Plaintiff further testified that members of his church built a wooden ramp to provide wheelchair access to his home from his garage and his outside yard.
7. Plaintiff has a current drivers' license. He drives a vehicle and has passed the Department of Motor Vehicle road test since receiving his wheelchair. Plaintiff owns a van capable of transporting his wheelchair.
8. Plaintiff testified that his wife, who is retired, assists him with daily activities such as getting groceries, getting to the doctor and personal hygiene. Plaintiff is requesting payment for two to four hours per day of attendant care at the rate of $10.00 an hour. Defendant has denied his request.
9. Plaintiff lives in a two-story home with his wife. Since the November 2003 accident, Plaintiff has relocated the master bedroom of his home from the second floor to the first floor and has purchased a new queen size bed for the first floor bedroom. The living room, kitchen, and a bathroom are also on the first floor. Plaintiff rarely needs to go to the second floor of his home. Plaintiff has consulted an architect concerning potential alternations to his home to increase his access through use of the wheelchair. The architect's plans are not in evidence. *Page 5 
10. Dr. Pence has been Plaintiff's primary care provider since 1994. Dr. Pence is board certified in Internal Medicine and has a general practice. Dr. Pence has treated Plaintiff for numerous conditions prior to the November 24, 2003 accident, including depression, Type 2 diabetes, hypertension, hyperlipidemia, back pain, degenerative disc disease of the back, recurrent DVT, asthma and COPD.
11. Dr. Pence testified that Plaintiff did not need a wheelchair prior to the November 24, 2003 accident and that sometime after this accident, she felt that a wheelchair was reasonable because of pain, stiffness, and an inability to walk more than 10-12 feet. Dr. Pence also testified that Plaintiff needs a vehicle that can accommodate his wheelchair. Defendant contends that Plaintiff's need for a wheelchair is due to pre-existing conditions.
12. Dr. Pence has not prescribed attendant care services for Plaintiff, or rehabilitative reconstruction to modify Plaintiff's home.
13. On April 20, 2004 Plaintiff saw Dr. DuPuy, a board certified orthopaedic surgeon with fellowship training in Disability Evaluation for an Independent Medical Evaluation at the request of Defendant. Based on a review of Plaintiff's medical records and a physical examination of Plaintiff, Dr. DuPuy opined that Plaintiff did not need a wheelchair as a consequence of the November 24, 2003 fall at work and that Dr. Pence's Certificate of Medical Necessity for the wheelchair is based on the diagnosis of degenerative intervertebral disk (ICD*9 722.6), Osteoporosis (ICD*9 715.98, 733.90), and degenerative lumbosacral intervertebral disk, which are conditions that Plaintiff had before the November 2003 accident and conditions not caused by the November accident. The Full Commission is not addressing Dr. Dupuy's opinions on Plaintiff's disability for the reason set forth below. *Page 6 
14. The Full Commission finds that the greater weight of the evidence does not establish that attendant care, a wheelchair and modifications to Plaintiff's existing home are medically necessary at this time. No doctor has specifically prescribed attendant care or rehabilitative reconstruction of Plaintiff's home to provide relief or lessen Plaintiff's disability from his compensable injury. The Full Commission gives little weight to Dr. Pence's opinion that Plaintiff needs a wheelchair as a result of his compensable injury to lessen his disability at this time.
15. The parties in the Pre-Trial Stipulations and Agreement agreed that the issues for hearing before the Deputy Commissioner were attendant care for Plaintiff, rehabilitative reconstruction for Plaintiff's existing home and a wheelchair for Plaintiff. During the evidentiary hearing, the inquiries from Plaintiff's attorney to the Deputy Commissioner concerning how extensive his presentation of evidence should be and the Deputy's response indicate that there appeared to be agreement that the evidence should be limited to the issues identified. The Deputy Commissioner's subsequent determination of the issue of disability went beyond the issues identified. Since Plaintiff did not expect to be defending the issue of disability in his admitted claim at the hearing before the Deputy Commissioner, evidence on this issue was not specifically addressed, except as it related to other issues identified. Defendant added the issue of disability on appeal to the Full Commission.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following: *Page 7 
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident to his back on November 24, 2003, when he fell in the course of his employment and sprained his back and aggravated his pre-existing degenerative disc disease and spinal stenosis. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to establish that the wheelchairs prescribed by Dr. Pence are medically necessary because of the injury sustained on November 24, 2003. N.C. Gen. Stat. §§ 97-2(19), 97-25.
3. Plaintiff has failed to establish that modifications to his home are medically necessary because of the injury sustained on November 24, 2003. N.C. Gen. Stat. §§ 97-25, 97-2(19).
4. Plaintiff has failed to establish that he requires attendant care for the injuries sustained on November 24, 2003. N.C. Gen. Stat. §§ 97-2(19), 97-25.
5. In the interest of fairness, the portions of the Deputy Commissioner's Opinion and Award relating to Plaintiff's disability resulting from his admittedly compensable injury should be vacated. Defendant would not be prejudiced as both parties agreed upon the stipulated issues to be tried before the Deputy Commissioner. Either party may raise the issue of disability on a new Form 33 request for hearing.
 * * * * * * * * * * *
Based on the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for attendant care, a wheelchair and rehabilitative reconstruction of his existing home as a result of his injury is DENIED. *Page 8 
2. The portions of the Deputy Commissioner's Opinion and Award relating to Plaintiff's disability resulting from his admittedly compensable injury are vacated.
3. Defendants shall bear the costs.
This the ___ day of July 2008.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1